JS 44 (Rev. 11/04)                    CIVIL COVER SHEET                    APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFF**

FRANCIS X. CASSIDY

**DEFENDANTS**

EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, EQUIFAX INFORMATION SERVICES, LLC, and GARY KLINE, Director of Montgomery County Domestic Relations in his individual and official capacities.

**(b)** County of Residence of First Listed Plaintiff:  MONTGOMERY (PA)
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:   COLLIN (TX)
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND

**(c)** Attorney`s (Firm Name, Address, and Telephone Number)
Cary L. Flitter, Esq. and Theodore E. Lorenz, Esq., Flitter Lorenz, P.C., 450 N. Narberth Avenue, Suite 101, Narberth, PA 19072, (610) 822-0781

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1681; 42 U.S.C. §1983
Brief description of cause: Violations of the Fair Credit Reporting Act

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $     CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes  ☐ No.

**VIII. RELATED CASE(S) IF ANY**
(See instructions):     JUDGE     DOCKET NUMBER

DATE  1/26/15

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

**APPENDIX I**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| FRANCIS X. CASSIDY | : | CIVIL ACTION |
| v. | : | |
| | : | |
| EXPERIAN INFORMATION SOLUTIONS, INC., et al | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.           (   )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits           (   )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. (   )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.           (   )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management
by the court. (See reverse side of this form for a detailed explanation of special
management cases)           (   )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.   ( X )

| | | |
|---|---|---|
| 1/26/15 | T. Jany | |
| **Date** | **Attorney at Law** | **Attorney for Plaintiff** |
| 610-822-0781 | 610-667-0552 | lorenz@consumerslaw.com |
| **Telephone** | **Fax Number** | **E-Mail Address** |

(Civ.660) 10/02

UNITED STATES DISTRICT COURT

APPENDIX F

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:  191 Presidential Boulevard, Unit 516, Bala Cynwyd, PA  19004-1218

Address of Defendants:  601 Experian Way, Allen, TX  75013;  2 Baldwin Place, Chester, PA  19022; 1150 Lake Hearn Drive NE, Atlanta, GA  3034;

2 E. Airy Street, Norristown, PA  19401

Place of Accident, Incident or Transaction:  191 Presidential Boulevard, Unit 516, Bala Cynwyd, PA  19004-1218

*Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)        Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?        Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?        Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?        Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?        Yes ☐   No ☒

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) Fair Credit Reporting Act, 15 U.S.C. §1681; 42 U.S.C. §1983

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability (Asbestos)
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Theodore Lorenz, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2). that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought

DATE: 1/26/15        Attorney-at-Law        67795  Attorney I.D.

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/26/15        Attorney-at-Law        67795  Attorney I.D.

CIV.609 (4/03)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FRANCIS X. CASSIDY<br>191 Presidential Boulevard, Unit 516<br>Bala Cynwyd, PA 19004-1218, | |
|                         Plaintiff,<br>   vs. | CIVIL ACTION |
| EXPERIAN INFORMATION<br>SOLUTIONS, INC.<br>601 Experian Way<br>Allen, TX 75013, | NO. |
|       and | |
| TRANS UNION LLC<br>2 Baldwin Place<br>Chester, PA 19022, | |
|       and | |
| EQUIFAX INFORMATION SERVICES, LLC<br>1150 Lake Hearn Drive NE<br>Atlanta, GA 30343, | |
|       and | |
| GARY KLINE, Director of Montgomery<br>County Domestic Relations in his individual<br>and official capacities;<br>2 E. Airy Street<br>Norristown, PA 19401, | |
|                         Defendants. | |

## COMPLAINT

**I.**    **INTRODUCTION**

     1.      This is an action for damages brought by a consumer pursuant to the Fair Credit

Reporting Act ("FCRA"), 15 U.S.C. §1681, and for injunctive relief and damages pursuant to the

Fourteenth Amendment to the U.S. Constitution, 42 U.S.C. §1983.

1

2.      Defendants have violated Plaintiff's rights by continuously and repeatedly credit reporting Plaintiff as past due on child support payments when Plaintiff has never been obligated to even pay child support.

## II.      JURISDICTION

3.      Jurisdiction arises under the Fourteenth Amendment to the U.S. Constitution; 42 U.S.C. §1983; the FCRA, 15 U.S.C. §1681p; and 28 U.S.C. §1337.

## III.      PARTIES

4.      Plaintiff, Francis X. Cassidy (hereinafter "Plaintiff" or "Cassidy"), is a consumer who resides in Bala Cynwyd, Pennsylvania at the address captioned.

5.      Defendant Gary Kline is the Director of the Montgomery County Domestic Relations Office ("MCDRO") with an address as captioned.  MCDRO is involved with processing and enforcing child support orders, and furnishes information to the credit reporting bureaus.   Defendant Kline is sued in his individual and official capacities.

6.      Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation that regularly does business in Pennsylvania and has a service address as captioned.

7.      Defendant Trans Union LLC ("Trans Union") is a foreign limited liability company that regularly does business in Pennsylvania and has a service address as captioned.

8.      Defendant Equifax Information Services, LLC ("Equifax") is a foreign limited liability company that regularly does business in Pennsylvania, and has a service address as captioned.

9.      Experian, Trans Union and Equifax are each a "consumer reporting agency" as defined in 15 U.S.C. §1681(f).

2

10.       Experian, Trans Union and Equifax are collectively referred to as the "Credit Bureaus".

11.       Each of the Credit Bureaus regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers in the form of consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

12.       Each of the Credit Bureaus disburses or provides such consumer reports to third parties under contract for monetary compensation.

## IV.   STATEMENT OF CLAIM

13.       In connection with their divorce proceedings in the Court of Common Pleas of Montgomery County, Pennsylvania (Docket No. 11-28124), Plaintiff and his now ex-wife entered into a property settlement agreement dated March 30, 2012.

14.       The property settlement agreement required Plaintiff to make a payment to his ex-wife resulting from the transfer of the marital residence and to pay alimony.

15.       The property settlement agreement does not require any child support payments. Plaintiff's three children are adults.

16.       On November 16, 2012, an Order was entered modifying the payment due in connection with the marital residence and alimony.  A copy of that Order is attached hereto as Exhibit "A" (the "Order").

## MCDRO

17.       On or about July 4, 2014, MCDRO sent Plaintiff a "Notice of Credit Bureau Reporting," a copy of which is attached as Exhibit "B" (the "Notice").

18.       The Notice states that pursuant to 42 U.S.C. §666 and 23 Pa.C.S. §4303, MCDRO reports information about child support accounts to the credit reporting bureaus.

19.     The Notice states that Plaintiff is in arrears as of July 4, 2014.  Plaintiff disputes any claimed arrearage.  Indeed, Plaintiff has not been under any Order for child support.

20.     MCDRO's Notice provides that Plaintiff has the "right to contest the accuracy of the information provided to the consumer credit bureaus within twenty (20) days of the date of this Notice."  Ex. "B".

21.     Plaintiff contested the accuracy of the information being reported by MCDRO within twenty (20) days and thereafter, and paid the audit fee.

22.     Defendant Kline, the Director of MCDRO, has established, implemented and maintained policies, practices and/or customs of not investigating the accuracy of MCDRO's reporting when contested, despite being statutorily obligated to do so.

23.     Plaintiff has repeatedly disputed and contested MCDRO's reporting according to its procedures, but MCDRO has failed to conduct a reasonable and adequate investigation(s) into its disputed reporting and to correct the same.

24.     Notwithstanding Plaintiff's many disputes, MCDRO has and continues to falsely and inaccurately report Plaintiff as owing child support and being in arrears on such payments.

25.     Plaintiff was never obligated to make child support payments in connection with the divorce and property settlement agreement.

26.     MCDRO is still reporting false and inaccurate information about Plaintiff to his great detriment and harm.  By doing so, MCDRO has and continues to harm Plaintiff's reputation.

27.     Plaintiff has an interest in the accuracy of his credit report and profile because, *inter alia*, it impacts Plaintiff's credit score and how third party credit grantors view him when making credit decisions.

**The Credit Bureaus**

28.      Under the FCRA, Experian, Trans Union and Equifax (the "Credit Bureaus") are required to report accurate information and to conduct a proper investigation of disputed information. 15 U.S.C. §1681e(b) and §1681i(a).

29.      Each of the Credit Bureaus has been inaccurately reporting Plaintiff as past due on child support payments.

30.      Plaintiff has repeatedly written to each of the Credit Bureaus disputing MCDRO's false and inaccurate reporting, requesting a reinvestigation, and requesting that the inaccurate reporting be deleted.

31.      Experian, Trans Union and Equifax each failed to conduct a reasonable and adequate investigation into Plaintiff's disputed credit reporting and continued to report false and inaccurate information to any potential or current credit grantor who accessed Plaintiff's credit report.

32.      Each of the Credit Bureaus simply parroted the information provided by MCDRO back to third parties through their credit reporting databases.

33.      As a result of each of the Credit Bureaus' and MCDRO's willful, wanton, reckless, and/or negligent action, Plaintiff has been damaged.

34.      As a result of the false and derogatory information provided by MCDRO and reported by each of the Credit Bureaus, Plaintiff has been damaged.

35.      Plaintiff has suffered mental and emotional distress, worry, humiliation, and embarrassment as a result of Defendants' actions.

36.      Plaintiff has suffered pecuniary loss, been denied credit, damage to his reputation, and expended significant time and effort trying to address his credit report.

## COUNT I - FAIR CREDIT REPORTING ACT
### (v. EXPERIAN)

37.    Plaintiff repeats the allegations contained above as if the same were here set forth at length.

38.    In the entire course of its action, Experian willfully and/or negligently violated the provisions of the FCRA in the following respects:

(a)    by willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports, 15 U.S.C. §1681e(b); and

(b)    by willfully and/or negligently failing to conduct a proper re-investigation of disputed information, 15 U.S.C. §1681i.

**WHEREFORE**, Plaintiff Francis X. Cassidy demands judgment against Defendant Experian Information Solutions, Inc. for:

(a)    Actual and compensatory damages;

(b)    Punitive damages;

(c)    Attorney's fees and costs; and

(d)    Such other and further relief as the Court shall deem just and proper.

## COUNT II - FAIR CREDIT REPORTING ACT
### (v. TRANS UNION)

39.    Plaintiff repeats the allegations contained above as if the same were here set forth at length.

40.    In the entire course of its action, Trans Union willfully and/or negligently violated the provisions of the FCRA in the following respects:

6

(a)      by willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports, 15 U.S.C. §1681e(b); and

(b)      by willfully and/or negligently failing to conduct a proper re-investigation of disputed information, 15 U.S.C. §1681i.

**WHEREFORE**, Plaintiff Francis X. Cassidy demands judgment against Defendant Trans Union LLC for:

      (a)      Actual and compensatory damages;

      (b)      Punitive damages;

      (c)      Attorney's fees and costs; and

      (d)      Such other and further relief as the Court shall deem just and proper.

## COUNT III - FAIR CREDIT REPORTING ACT
### (v. EQUIFAX)

41.      Plaintiff repeats the allegations contained above as if the same were here set forth at length.

42.      In the entire course of its action, Equifax willfully and/or negligently violated the provisions of the FCRA in the following respects:

(a)      by willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports, 15 U.S.C. §1681e(b); and

(b)      by willfully and/or negligently failing to conduct a proper re-investigation of disputed information, 15 U.S.C. §1681i.

**WHEREFORE**, Plaintiff Francis X. Cassidy demands judgment against Defendant Equifax Information Services, LLC for:

(a)     Actual and compensatory damages;

(b)     Punitive damages;

(c)     Attorney's fees and costs; and

(d)     Such other and further relief as the Court shall deem just and proper.

## COUNT IV – 42 U.S.C. §1983
### (v. KLINE)

43.     Plaintiff repeats the allegations contained above as if the same were here set forth at length.

44.     Defendant Kline, with deliberate indifference to the consequences, knowingly established and maintained policies, customs and/or practices of MCDRO not investigating disputes as to the accuracy of MCDRO's reporting, despite being statutorily obligated to do so.

45.     Plaintiff's constitutional right to due process has been violated by Defendant Kline implementing and maintaining, or failing to implement and maintain, policies, procedures and/or customs for MCDRO to fully and properly investigate Plaintiff's dispute, despite the statutory obligation of Kline's office to do so.

46.     Plaintiff repeatedly disputed and challenged MCDRO's reporting, even enlisting the help of his state representative, but to no avail.

47.     The attorneys to the underlying divorce action wrote to advise that Plaintiff did not owe child support. *See* Exhibit "C" attached hereto.

48.     Plaintiff has a substantial interest in his reputation and in the accuracy of his credit report and profile because, *inter alia*, it impacts Plaintiff's credit score and how third party credit grantors view him when making credit decisions.

49.     False and inaccurate information about Plaintiff continues to be reported to the credit reporting bureaus and others despite Plaintiff's several attempts to challenge it. 14th Amendment, U.S. Const.; 42 U.S.C. § 1983; 42 U.S.C. §666; and 23 Pa.C.S. §4303.

50.     As a result, Plaintiff has and continues to suffer harm and be damaged.

**WHEREFORE**, Plaintiff Francis X. Cassidy demands judgment against Defendant Gary Klein in his individual and/or official capacity, for:

(a)     Prospective injunctive relief directing Defendant Kline, in his official capacity, to establish and implement policies, procedures and/or customs for MCDRO to fully and properly investigation challenges to MCDRO's credit reporting, and processes and procedures to update, correct or delete false and inaccurate reporting;

(b)     Prospective injunctive relief directing Defendant Kline, in his official capacity, to (i) amend the records maintained by the Montgomery Country Domestic Relations Office to reflect that Plaintiff does not owe child support and never has, and (ii) request of the Credit Bureaus, and/or any other person or entity, the deletion of any reporting of Plaintiff as a child support obligor, including as to any past due payments;

(b)     Damages; and

(c)     Such other and further relief as the Court shall deem just and proper.

9

## V.    **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: 4/26/15

CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiff

**FLITTER LORENZ, P.C.**
450 N. Narberth Avenue, Suite 101
Narberth, PA  19072
(610) 822-0782

# EXHIBIT "A"

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
FAMILY LAW

No: 11-28124

FRANCIS X. CASSIDY
Vs

████████ CASSIDY

IN:  Divorce

## AGREED ORDER

AND NOW, this **16**<sup>TH</sup> day of **NOVEMBER, 2012,** upon consideration of the Petition for Contempt and Special Relief and by agreement of the parties the following **Order** is entered:

1. Paragraph 11 of the Property Settlement Agreement is modified to provide that respondent, Francis X. Cassidy, is directed to pay the remaining balance on the marital real estate of $████████ through the PSCDU   at the rate of $████████ per month, effective with the first payment due 1/1/13. Said monthly payments shall be non-modifiable contract alimony as to amount and duration which shall not be deductible by respondent, Francis X. Cassidy, and not includable to Petitioner as income. This is a modification of the original obligation due to respondent to Petitioner for the outstanding balance agreed to by the Parties due by Petitioner for the marital real estate which was transferred from Husband and Wife to Husband.

2. Paragraph 19 of the Property Settlement Agreement which sets forth the alimony obligation is modified to provide respondent, Francis X. Cassidy, will pay the total sum of $████████ of non-modifiable contract alimony as to amount and duration through the PSCDU at the rate of $████████ per month commencing 1/1/13 and ending July 1, 2020. Said $████████ per month alimony shall be taxable to Wife and deductible by Husband. The alimony shall end upon death of either of the parties and the duration will terminate if wife remarries during payment of the monthly $████████ alimony payment effective date of the re-marriage.    Husband shall reimburse Wife for any federal tax obligation due by Wife as a result of her receipt of the taxable

alimony payments as set forth above which federal tax reimbursement shall be at Wife's highest tax bracket for the year(s) she receives those payments.

3. Husband has paid today by check the cash value of the Life Insurance Policy N. █████615 (MONY), of $█████.

4. The parties agree to cooperate and immediately enter the two (2) alimony obligations with the PASDU through the Montgomery County Domestic Relations Office.

5. Respondent shall pay petioners counsel fees to Norman Mittman, Esquire in the amount of $█████ within 60 days of this Order.

6. All other terms and conditions contained in the Property Settlement Agreement dated 3/30/12 shall remain in full force and effect except as modified by this Order.

_____          _____
Francis X. Cassidy                        Cassidy

BY THE COURT:

_____
, Judge

Copy of the above Order to the following:
☐ Interoffice Mail
☐ Orally in open Court on the record
☐ Hand delivered in open Court to the following:
☐ Mailed via USPS to the following:
Plaintiff's Attorney: Joel Albert
Defense Attorney: Norman Mittman
          Court Administration – Karen Baxter   Family Division

     Clerk/Secretary: Pat Barnes
     Court Reporter:

*Parties agree to no wage attachment*

# EXHIBIT "B"

In the Court of Common Pleas of MONTGOMERY County, Pennsylvania

DOMESTIC RELATIONS SECTION

DOMESTIC RELATIONS, PO BOX 311, NORRISTOWN, PA. 19404-0311

Phone: (610) 278-3646                JULY 4, 2014                Fax: (610) 239-9637

FRANCIS CASSIDY
UNIT 516
191 PRESIDENTIAL BLVD
BALA CYNWYD PA 19004-1218

| | |
|---|---|
| Plaintiff Name: | ███████ CASSIDY |
| Defendant Name: | FRANCIS CASSIDY |
| Defendant SSN: | XXX-XX-1151 |
| Docket Number: | 2011-DR-03092 |
| PACSES Case Number: | 204112886 |
| Other State ID Number: | |

Please note: All correspondence must include the PACSES Case Number.

## Notice of Credit Bureau Reporting

Dear FRANCIS CASSIDY

Federal law at 42 U.S.C. § 666, and State law at 23 Pa. C.S. § 4303, provide that the Domestic Relations Section (DRS) of MONTGOMERY County can report information regarding your support account(s) to consumer credit bureaus. From this point forward, the MONTGOMERY County DRS will provide a monthly report of the amount of support arrears you owe to credit bureaus. Your child support account information will remain on your credit report the same as any other debt and will be reported as arrears balance due, account is current, or debt is paid in full and account closed. Your support arrears were calculated based on the balance at the end of the previous month, which was $71,500.00. This balance may have been adjusted since that date. The amount of your arrears are $70,500.00 as of JULY 4, 2014.

You have the right to contest the accuracy of the information provided to the consumer credit bureaus within twenty (20) days of the date of this Notice. To contest the information, you must state your objections, in writing or in person, to the MONTGOMERY County DRS. The information that can be contested is name, SSN, address, or balance due. The objections must be received by the DRS within 20 days. If you do not successfully contest the accuracy of the information or pay the balance due in full, *information about your arrears will be reported to the credit bureau.*

Sincerely,

COMPLIANCE UNIT

Form EN-006

Worker ID $MTRO

Service Type M

# EXHIBIT "C"



LAW OFFICES OF
**ALBERT**, P.C.

Two Bala Plaza, Suite 716 · 333 E. City Avenue · Bala Cynwyd, PA 19004
(p) 484-562-0473 · (f) 484-840-5398 · joel@albertlaw.com · www.AlbertLaw.com
Licensed in PA & NJ

December 3, 2014

Via first class mail & fax (610-239-9637)
Montgomery County Domestic Relations
P.O. Box 311
Norristown, PA 19404-0311

        Re:    Case # 204112886

To Whom It May Concern:

I am counsel for Frank Cassidy, and am contacting you per the attached Order dated 11/16/12.

My client is in compliance with the attached Order, but, for whatever reason, it has been reported to credit agencies as delinquent.   **Furthermore, the account is listed as "Child Support", though Child Support was never part of this case.**

Counsel for ███████ Cassidy is copied on this correspondence, and verifies the above by evidence of his signature below.

I am requesting someone from your office contact me as soon as possible to correct this error which is causing my client severe hardship.

                                    Very truly yours,


                                    Joel B. Albert /s/

Attachments (Order, Credit Reports)
cc:  Norman Mittman, Esquire (w/Attachments)(via email)

By: _____
        Norman Mittman, Esquire